IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERT DEWAYNE BANKS (01)

Defendant.

Case No. 13-cr-40060-01-DDC

## MEMORANDUM AND ORDER

Defendant Banks has filed a Motion to Sever (Doc. 423) asking the Court to sever Count 25 and Count 26 from the Second Superseding Indictment (Doc. 195).  Counts 25 alleges Banks was a felon in possession of a firearm and Count 26 alleges he possessed a firearm in furtherance of drug trafficking.  Doc. 195 at 15-16.  Banks argues that the firearm counts do not relate to the drug counts and pose a high risk of prejudice.  Banks also argues that his motion raises identical issues to defendant Madkins' Motion to Sever (Doc. 372), which the Court has already granted (Doc. 415).  For the reasons set forth below, the Court grants Banks' Motion to Sever in part and denies it in part.

## Analysis

Fed. R. Crim. P. 8(a) allows the government to join offenses in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  However, Rule 8(a)'s joinder guidelines are subject to the limitations of Rule 14(a), which states in relevant part: "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts."  Fed. R. Crim. P. 14(a).  Banks asks the Court to sever Count 25

1

and Count 26 from the Second Superseding Indictment.  The Court addresses each Count

separately.

### A.  Count 25

Count 25 charges Banks with being felon in possession of a firearm.  Specifically, that

Count charges that Banks possessed a firearm after being convicted of two felony crimes—

possession of cocaine with intent to distribute, K.S.A. § 65-4161(a), and possession of cocaine,

K.S.A. § 65-4160(a).  Doc. 195 at 15.

When determining the merits of a motion for severance, the Court must weigh any

prejudice to the defendant "against the important considerations of economy and expedition in

judicial administration."  *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir. 1987).  Here,

Banks is correct that Count 25 presents the same risk of prejudice that concerned the Court when

it granted Madkins' motion to sever his own felon-in-possession Count.  As in Madkins' case,

the predicate felony was possession of cocaine, *i.e.*, the same substance that is the subject of his

drug charges.  Joinder of Banks' felon-in-possession counts with the drug offenses would allow

the government to introduce evidence of Banks' prior convictions, which would be inadmissible

in a prosecution for the drug offenses alone.  The Court concludes that the risk of unfair

prejudice resulting from the introduction of prior cocaine possession convictions outweighs

considerations of judicial economy.  Accordingly, the Court grants Banks' motion to sever Count

25.

### A.  Count 26

Next, Banks argues that the Court should sever Count 26.  That Count charges Banks

with possession of a firearm in furtherance of a drug-trafficking crime.  Banks has not made any

specific arguments about why the Court should sever this Count.  He asserts only that the

argument for severing Count 26 is the same as the argument the Court accepted when it severed

Madkins' felon-in-possession Count.

The Court disagrees.  The Court previously severed a felon-in-possession count because

including it would permit the government to introduce evidence of a prior conviction for cocaine

possession and distribution.  The Court concluded that severance was appropriate because of the

risk that the prior felony convictions could prejudice the jury unfairly against Madkins when it

considers the drug counts.  *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002)

("evidence of a prior conviction has long been the subject of careful scrutiny and use at trial

because of the danger that the jury might convict, not based on the evidence, but because it feels

that the defendant is a bad person") (internal quotation marks omitted).  In contrast, joining

Count 26 with the drug offenses does not permit the government to introduce evidence of prior

cocaine convictions.  Thus, joinder of Count 26 does not present the risk of prejudice that lead

the Court to sever Madkins' felon-in-possession count.  The Court concludes that joinder of

Count 26 and the drug offenses is proper under Rule 8 and, therefore, denies Banks' motion to

sever this Count.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Banks' Motion to Sever

(Doc. 423) is granted in part and denied in part.  The Court grants Banks' request to sever Count

25, but denies his request to sever Count 26.  The Court orders that Count 25 be severed from the

Second Superseding Indictment.

**IT IS SO ORDERED.**

**Dated this 18th day of November, 2014, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**