IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>vs.<br><br>ALBERT DEWAYNE BANKS (01),<br>JOHNNY LEE IVORY, III (05),<br>MARTYE MADABUTI MADKINS, III (06),<br>ZACHARY CARLYLE PATMON (07),<br>OTIS DEAN PONDS (08), and<br>ANTHONY CARLYLE THOMPSON (10),<br><br>      **Defendants.** | Case No. 13-40060-DDC |

## MEMORANDUM AND ORDER

Defendant Otis Ponds has filed a motion asking the Court to dismiss the Second Superseding Indictment (Doc. 679). His motion argues that the government presented a phone call to the grand jury that the Court has since suppressed. Without this now-suppressed evidence, Mr. Ponds asserts, the grand jury would not have returned an indictment against him. He thus asks the Court to dismiss "all charges" against him in the Second Superseding Indictment (Doc. 195). Defendants Albert Banks and Anthony Thompson have filed motions joining Mr. Ponds' motion or adopting the argument it asserts (Docs. 672, 686, and 705). For the reasons explained below, the Court denies these motions.

Mr. Ponds relies primarily on the statutory suppression remedy contained in Kansas' wiretap statute, K.S.A. § 22-2517. It provides:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative

1

>committee or other authority of this state, or a political subdivision thereof, if the disclosure of such information would be in violation of this chapter.

*Id.*; *see also* K.S.A. § 22-2516(9)(a) (setting forth procedure for asserting suppression under the Kansas wiretap statute). Title III, the federal statute governing wiretaps, contains identical suppression provisions. 18 U.S.C. § 2515; *see also* 18 U.S.C. § 2518(10)(1) (setting forth procedure for asserting suppression under the Title III).

These statutes are clear that whenever interception of wire or oral communications violates one of their provisions, the affected communications may not be disclosed in any proceeding, including those before a grand jury. Mr. Ponds' motion tests the scope of this remedy: if the government presents improperly intercepted phone calls in a grand jury proceeding that results in an indictment, and a court subsequently suppresses those phone calls, must that court also dismiss the indictment?

The Court is unable to locate any Kansas case addressing this question under the Kansas statute. Nor has it found any federal court case answering this question under the federal equivalent, Title III. But the Supreme Court has suggested an answer, albeit in dicta, in *Gelbard v. United States*. 408 U.S. 41 (1972). In *Gelbard*, the defendant had refused to comply with a court order compelling his testimony before a grand jury because he believed that the questions presented before the grand jury were based on information obtained from unlawful wiretaps. *Id.* at 44. The Supreme Court addressed whether Title III permitted a grand jury witness to invoke its suppression remedy as a defense in the contempt proceeding that followed the defendant's refusal to answer questions. *Id.* In concluding that Title III does indeed provide this defense in a contempt proceeding, the Court distinguished the facts before it from the situation presented here, *i.e.*, where a defendant, before trial, seeks to dismiss the indictment because the

government has presented evidence acquired in violation of the wiretap statute to a grand jury.

*Id.* at 59-60. The Supreme Court explained:

> The congressional concern with the applicability of § 2518(10)(a)['s statutory suppression remedy] in grand jury proceedings, so far as it is discernible from the Senate report, was apparently that defendants and potential defendants might be able to utilize suppression motions to impede the issuance of indictments: "Normally, there is no limitation on the character of evidence that may be presented to a grand jury, which is enforcible by an individual, (*United States v. Blue*, 384 U.S. 251 (1966)). *There is no intent to change this general rule.*" [S. Rep. No. 90-1097], 2d Sess., 106 (1968); U.S. Code Cong. & Admin. News, p. 2195. The "general rule," as illustrated in *Blue*, is that a defendant is not entitled to have his indictment dismissed before trial simply because the Government "acquire(d) incriminating evidence in violation of the (law)," even if the "tainted evidence was presented to the grand jury." 384 U.S. at 255 and n. 3 (further citations omitted).

*Id*. at 59-60 (emphasis added).

Although defendants correctly assert that Title III's suppression provisions applies explicitly to grand jury proceedings, *see* § 2515, the Senate Report quoted in *Gelbard* suggests that the remedy extends only to *future* grand jury proceedings. S. Rep. No. 90-1097, U.S. Code Cong. & Admin. News, at 2195 ("It is the intent of the provision *only* that when a motion to suppress is granted in another context, its scope may include use in a *future* grand jury proceeding." (emphasis added)). In other words, the suppression remedy applies to grand jury proceedings prospectively only. The Court thus concludes that dismissal of an indictment based on the government's presentation of unlawfully obtained wiretap evidence to a grand jury is not a remedy afforded by Title III or Kansas' identical wiretap statute. *See State v. Willis*, 643 P.2d 1112, 1114 (Kan. Ct. App. 1982) (holding that "where there are at issue provisions of a state wiretap statute which conform to their counterparts in the federal act, federal case authority has precedential value at least equivalent to state case authority, if any"). Rather, the remedy that Title III and the Kansas statute afford defendants is the same remedy the Court already has

provided—suppression of the unlawfully intercepted communications at trial.  The Court thus denies Mr. Ponds motion to dismiss the indictment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ponds' motion to dismiss the indictment (Doc. 679) is denied.  The motions of Mr. Banks, Mr. Thompson, and the other codefendants are denied to the extent they joined or adopted Mr. Ponds' argument (Docs. 672, 686, and 705).

**IT IS SO ORDERED.**

Dated this 4th day of June, 2015, in Kansas City, Kansas.

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**